Cummings v City of New York (2026 NY Slip Op 00972)

Cummings v City of New York

2026 NY Slip Op 00972

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 802432/23|Appeal No. 5875|Case No. 2024-05434|

[*1]Quevarda Cummings, Plaintiff-Appellant,
vThe City of New York, et al., Defendants-Respondents. 

Akin Law Group, PLLC, New York (Justin Ames of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 3, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the first, second, fourth, and fifth causes of action pursuant to CPLR 3211(a)(7), unanimously reversed, on the law, without costs, the motion denied, and the causes of action reinstated.
The court correctly observed that employment discrimination cases are generally reviewed under notice pleading standards (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]). Indeed, a "plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds" (id. [internal quotations and brackets omitted]). In an action brought under the New York City Human Rights Law (NYCHRL) and the New York State Human Rights Law (NYSHRL), "[f]air notice is all that is required to survive at the pleading stage" (Petit v Department of Educ. of City of N.Y., 177 AD3d 402, 403 [1st Dept 2019]). 
The NYSHRL was amended in 2019 to "put in place a more lenient standard of liability that has been likened to that of the NYCHRL" (Yost v Everyrealm, Inc., 657 F Supp 3d 563, 578 [SD NY 2023]. The court found, under the current statutory schemes, that plaintiff alleged facts from which it could be inferred that she was treated less well, at least in part, because of her protected status as a woman (see Suri v Grey Global Group, Inc., 164 AD3d 108, 114 [1st Dept 2018], appeal dismissed 32 NY3d 1138 [2019]; Mihalik v Credit Agricole Cheuvreux N. Am., Inc., 715 F3d 102, 110 [2d Cir 2013]).
Although a "single, isolated comment" or "stray remark" will not always suffice to sustain a discrimination or hostile work environment claim (see Suri, 164 AD3d at 111), "a single comment that objectifies women being made in circumstances where that comment would, for example, signal views about the role of women in the workplace" could be actionable (Williams v New York City Hous. Auth., 61 AD3d 62, 80 n 30 [1st Dept 2009], lv denied 13 NY3d 702 [2019]; see Tulino v City of New York, 2016 WL 2967847, *4 [SD NY, May 19, 2016, No. 15CV7106 (JMF)]). Here, where plaintiff alleged that her supervisor implied that she only received high evaluation scores because she was engaging in sexual relations with higher-ups, the alleged remarks and attendant hostile conduct were more than "petty slights and trivial inconveniences" (cf. Lent v Cityof New York, 209 AD3d 494, 495 [1st Dept 2022], lv dismissed 39 NY3d 1118 [2023]).
We have considered the parties' remaining claims and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026